UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NICHOLAS RUSH,  )
   Plaintiff,  )
  )
vs.  )  Case No. 21-1257
  )
PEORIA COUNTY JAIL,  )
   Defendant  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims his constitutional rights were violated at the Peoria County Jail, but the only Defendant identified is the jail. A jail is not a proper Defendant since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

Plaintiff claims on an unspecified day in March of 2021, he was sweeping the stairs on the upper level of the pods when on officer walked by and said something he could not understand. Plaintiff claims he smelled alcohol. When the officer walked

1

back by the Plaintiff, he swung a food tray hitting Plaintiff in the throat. Plaintiff claims he then hit the officer in the back of the head with the broom handle in self-defense.

Plaintiff apparently was charged with a criminal offense as a result of the incident since Plaintiff claims he was found unfit to stand trial due to some problems with his medications. The Court notes Peoria County Records indicate Plaintiff was charged with two counts of Aggravated Battery on March 18, 2021. While Plaintiff was initially found unfit to stand trial, his case is currently set for jury trial in December of 2021.[1]

The only relief Plaintiff seeks in his complaint is for his case to be dismissed. It is not clear which case Plaintiff is referencing, but this Court cannot dismiss Plaintiff's pending state court criminal case.

In addition, Plaintiff has filed a motion for status and leave to amend requesting nearly to change the relief sought to two million dollars in damages. [7]. The Court does not allow piecemeal amends and therefore the motion is denied. [7].

The Court will allow Plaintiff one opportunity to file an amended complaint identifying the correct Defendant. Plaintiff must identify the officer involved in the altercation. If Plaintiff is unsure of the name, he must provide specific identifying information such as a physical description and the day and time of the assault.

---

[1] PEORIA COUNTY CIRCUIT CLERK, RECORDS PORTAL, Details (peoriacounty.org) (last visited November 17, 2021)

Plaintiff is also advised if he is found guilty of assaulting the officer, his claims are likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) which prohibits a prisoner from pursing a civil rights lawsuit for damages which challenges a still valid decision in a criminal case. *See Snyder v. Hall*, 2006 WL 8445017, at *2 (C.D.Ill. Aug 15, 2006)(*Heck* "applies to potential convictions on pending charges, as well as to outstanding convictions.").

The Court also notes Plaintiff has checked the box on his complaint form indicating the grievance process is not complete. (Comp., p. 4). Plaintiff is reminded he is required to exhaust all available administrative remedies before filing a complaint in federal court. *See* 42 U.S.C. §1997e(a).

Finally, Plaintiff has filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, Plaintiff claims he has made at least some attempt to find counsel on his own. The only additional

information provided is Plaintiff's claim that he cannot afford counsel and he has at least some college education.

Plaintiff's claim of excessive force is not complex. Once Plaintiff identifies the proper Defendant, he is clearly capable of explaining of what happened. The Court will also enter a Scheduling Order with information to assist a pro se litigant with discovery. Based on the current record, the motion is denied. [5].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

2) The Court will allow Plaintiff one opportunity to file an amended complaint identifying a proper Defendant. Plaintiff's amended complaint must stand complete on its own, include all claims, and must not refer to his previous complaint.

3) Plaintiff must file his amended complaint on or before December 13, 2021. If Plaintiff fails to file an amended complaint in compliance with this order on or before December 13, 2021, his case may be dismissed.

4) Plaintiff's motion to amend and for status and Plaintiff's motion for appointment of counsel are denied. [5, 7].

5) If Plaintiff elects to dismiss this lawsuit, he must file a motion asking to voluntarily dismiss. Plaintiff will still be responsible for payment of the filing fee.

6) The Clerk of the Court is directed to provide Plaintiff with a blank complaint form to assist him and to reset the internal merit review deadline within 30 days of this order.

ENTERED this 18th day of November, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE